UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAVARES J. BROWNING, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:09 cv 203 |
| ) | |
| CITY OF SOUTH BEND; SGT. JAMES ) | |
| M. WOLFF; SGT. MARK J. SZWEDA; ) | |
| CPL. TIM D. CICHOWICH; CPL. DAN) | |
| E. SKIBINS; CPL. JIM A. MAXEY; ) | |
| CPL. DANIEL T. LAWECKI; CPL. ) | |
| DAVID LEDA; UNKNOWN OFFICERS OF) | |
| SOUTH BEND POLICE, jointly and ) | |
| severally, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

This matter is before the court on the Motion for Protective Order Pursuant to Trial Rule 26(c) [DE 16] filed by the defendants on May 21, 2010, and the Motion to Compel [DE 18] filed by the plaintiff, Tavares Browning, on May 28, 2010.  For the following reasons, the Motion for Protective Order is DENIED, and the Motion to Compel is GRANTED.

Background

The plaintiff, Tavares Browning, filed his complaint against the City of South Bend and several police officers on July 20, 2009, alleging excessive force, battery, and intentional infliction of emotional distress.  On March 12, 2010, Browning served the defendants with the Plaintiff's First Request for Production

of Documents.  Browning requested, among other things, copies of documents prepared as a result of any internal affairs investigation, copies of reports involving use of force by any of the officers present on the date of the incident, copies of any written complaints made by arrestees against the officers present on the day of the incident, and videos and photographs taken that relate to the incident.  The defendants responded that they were filing a protective order because the requests involved contents of the internal affairs file.  The defendants filed a Motion for Protective Order on May 21, 2010.  Browning responded by filing a Motion to Compel on May 28, 2010.

## Discussion

The parties dispute whether the information disclosed in the internal affairs investigation must be revealed through discovery.  The defendants claim that internal affairs investigations are privileged and that Indiana's public record disclosure law, Ind. Code §5-14-3-4, prohibits disclosure.

Initially, the defendants' claim of privilege under Ind. Code §5-14-3-4 fails.  Ind. Code §5-14-3-4 prohibits disclosure of investigatory files by law enforcement agencies unless it is required by a state or federal statute or is ordered by a court under the rules of discovery.  However, "[w]henever a principal claim in federal court arises under federal law, with pendent

jurisdiction over a state claim, federal common law of privileges apply." Wilstein v. San Tropai Condominium Master Ass'n, 189 F.R.D. 371, 375 (N.D. Ill. 1999). For this reason, the court in Jones v. City of Indianapolis, 216 F.R.D. 440, 443 (S.D. Ind. 2003) found that the defendant police department's reliance on Ind. Code §5-14-3-4 was misplaced and did not provide a privilege for the information contained in the internal affairs investigation file. Therefore, the defendants cannot claim a privilege to their internal affair investigation files under Ind. Code §5-14-3-4.

The defendants have not specifically stated the privileges that protect the requested information from discovery or how the discovery request fits within the alleged privileges. The court assumes that the defendants are claiming the law enforcement investigatory privilege and deliberation privilege. To begin, the party requesting a protective order or opposing a motion to compel bears the burden of showing why the information is not discoverable. Gregg v. Local 305 IBEW, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(stating that the burden "rests upon the objecting party to show why a particular discovery request is improper."); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2035 (3d ed. 1998) (discussing that the party requesting the protective order must show good cause). See

also Harrisonville Telephone Co. v. Illinois Commerce Commission, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006)(stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements). The party claiming the law enforcement investigatory privilege or deliberation privilege cannot make a broad statement that all the information in the investigation file is exempt from discovery. Doe v. Hudgins, 175 F.R.D. 511, 514-15 (N.D. Ill. 1997); Anderson v. Marion County Sheriff's Department, 220 F.R.D. 555, 561 (S.D. Ind. 2004). Rather, he must state with specificity which documents in the file he seeks to protect. Hudgins, 175 F.R.D. at 514-15; Anderson, 220 F.R.D. at 561. Here, the defendants only provided a broad statement claiming that the entire investigatory file is exempt from discovery. They have failed to identify the specific documents that may be entitled to the privilege. Because the defendants bear the burden of proving that the information requested is not discoverable and they have failed to satisfy this burden by showing which documents are protected by privilege, which privilege applies, and how the documents fit within the privilege, the defendants have not met their burden, and their motion for a protective order is DENIED. The plaintiff's motion to compel is GRANTED.

Even under the privileges the court assumes the defendants are claiming, their argument fails. First, the deliberative process privilege is a federal common law privilege that "protects communications that are part of the decision-making process of a governmental agency." United States v. Farley, 11 F.3d 1385, 1389 (7th Cir.1993); Anderson, 220 F.R.D. at 560. See also Department of the Interior v. Klamath Water Users Protective Association, 532 U.S. 1, 8, 121 S.Ct. 1060, 1065-66, 149 L.Ed.2d 87 (2001) (explaining the rationale behind the privilege). In order for the privilege to apply, the communication must be (1) pre-decisional and (2) deliberative. See Anderson, 220 F.R.D. at 560 (quoting Becker v. Internal Revenue Service, 34 F.3d 398, 403 (7th Cir. 1994)). The Seventh Circuit recently adopted the definitions of these terms set forth by the Circuit Court of Appeals for the District of Columbia. See Enviro Tech International, Inc. v. United States Environmental Protection Agency, 371 F.3d 370, 375 (7th Cir. 2004) (quoting Jordan v. United States Department of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978)). According to the Seventh Circuit, the communication must be "predecisional in the sense that it is actually antecedent to the adoption of an agency policy, and deliberative in the sense that it is actually related to the process by which policies are formulated." (internal quotation and alteration omitted). The party asserting the

privilege bears the burden of establishing "both its existence and applicability" at this first step. Allen v. Chicago Transit Authority, 198 F.R.D. 495, 501 (N.D. Ill. 2001). To meet its burden, the government must show:

> (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; (3) the official must specifically identify and describe the documents.
>
> Anderson, 220 F.R.D. at 561

See also K.L., L.F., and R.B. v. Edgar, 964 F.Supp. 1206, 1209 (N.D. Ill. 1997).

The defendants have not met their burden to demonstrate that the disputed documents fall within the deliberative process privilege. The department head did not make a formal claim of the privilege, the official did not demonstrate the precise reasons for the privilege, and the specific documents over which the privilege is claimed have not been identified and described. The defendants should have claimed the privilege prior to their motion for a protective order and provided Browning with sufficient information of the documents contained in the investigation file so that Browning could assess whether the privilege applies. Anderson, 220 F.R.D. at 562. The defendants' general statements

in response to Browning's Requests for Production that the internal affairs files are privileged does not satisfy their burden to specifically identify the documents and to explain the reasons for their alleged privilege. See Id. Neither do the defendants' broad statements in their motion for a protective order that internal affairs investigation files are privileged. Because the defendants did not specifically assert this privilege or explain how it applies, the defendants failed to meet their burden, rendering the requested documents discoverable.

Similarly, the law enforcement investigatory privilege is "a qualified common law privilege protecting civil as well as criminal law enforcement investigatory files from civil discovery." Anderson, 220 F.R.D. at 563 (quoting In re Adler, Coleman, Clearing Corp., 1999 WL 1747410, *3 (S.D.N.Y. 1999)). Federal courts have recognized this privilege and incorporated it under Federal Rule of Civil Procedure 26(b). Id. The party claiming the privilege bears the burden of justifying its application. Id.; Doe v. Hudgins, 175 F.R.D. 511, 514-15 (N.D. Ill. 1997). The municipality must explain with particularity the reasons that each document or class of documents is privileged. Hudgins, 175 F.R.D. at 514. "Unless the government, through competent declarations, shows the court what law enforcement interests would be harmed, how disclosure under a protective order would cause the

harm, and how much harm there would be, the court cannot conduct a meaningful balancing analysis." Id. at 514-15 (citing Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987)). Again, the defendants' broad statements that the internal affairs investigation files are privileged fails to satisfy their burden. The government has not provided an explanation for why each request is privileged, what harm would result, or how great the harm would be. Absent greater specificity, the defendants failed to meet their burden and the internal affairs files are not subject to the law enforcement investigatory privilege.

_____

Based on the foregoing, the Motion for Protective Order Pursuant to Trial Rule 26(c) [DE 16] filed by the defendants on May 21, 2010, is DENIED, and the Motion to Compel [DE 18] filed by the plaintiff, Tavares Browning, on May 28, 2010, is GRANTED.

ENTERED this 30th day of September, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge